505 So.2d 425 (1987)
Johnny COPELAND, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Florida Department of Corrections, Respondent.
Johnny COPELAND, Appellant,
v.
STATE of Florida, Appellee.
Nos. 69428, 69482.
Supreme Court of Florida.
April 9, 1987.
*426 Joyce Davis, Tallahassee, and Jay Topkis and Eric M. Freedman, of Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser and Henri C. Cawthon, Asst. Attys. Gen., Tallahassee, for respondent/appellee.
PER CURIAM.
These proceedings are before the Court on a petition for habeas corpus and an appeal from the denial of a motion to vacate judgment and sentence. Petitioner is a state prisoner under sentence of death. The Governor of the State of Florida issued a warrant directing that the sentence be carried out. In connection with his petition and his appeal, petitioner sought a stay of the scheduled execution of sentence. This Court determined that it was not possible to give full and fair consideration to petitioner's claims on an expedited basis without granting a stay. Therefore we granted a stay of execution and directed the parties to file appellate briefs. Having carefully considered the briefs, we find that appellant's claims have no legal merit and therefore deny the petition for habeas corpus, affirm the denial of post-conviction relief, and dissolve the previously granted stay of execution.
On appeal of the trial court's summary denial of his motion for post-conviction relief, Copeland argues a number of issues. We will briefly address each one.
Appellant argues that he was denied the right to a fair trial by the denial of his motion for change of venue, which was grounded on allegations of prejudicial pre-trial publicity and general community knowledge and prejudice. As this Court's opinion on Copeland's previous appeal clearly shows, this issue was argued there and decided. We upheld the judgment against this challenge. Copeland v. State, 457 So.2d 1012 (Fla. 1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985). Matters that have been decided on an appeal from a previous judgment cannot be relitigated by motion for post-conviction relief under rule 3.850. Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985); O'Callaghan v. State, 461 So.2d 1354 (Fla. 1984); Foster v. State, 400 So.2d 1 (Fla. 1981). Therefore the trial court's summary denial of this ground of the motion as procedurally barred was proper.
Appellant argues that the process by which he was sentenced to death was deficient under constitutional principles so that his sentence of death should be vacated for a new sentencing proceeding. He asserts that the jury that found him guilty and then recommended a sentence of death was not permitted to consider nonstatutory mitigating circumstances. The sentencing process, appellant argues, thus violated constitutional principles announced in Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). Appellant relies on Harvard v. State, 486 So.2d 537 (Fla.), cert. denied, ___ U.S. ___, 107 S.Ct. 215, 93 L.Ed.2d 144 (1986), where this Court recognized that the Florida death penalty sentencing law could previously have been read to limit the consideration of mitigating factors to those circumstances listed in the statute. However, our Harvard *427 decision makes clear that by the time of the decision in the case of Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), the Florida statute had clearly been construed to permit consideration of nonstatutory mitigating circumstances, consistent with the dictates of Lockett. Thus, at the time of appellant's trial and sentencing, any confusion in the law had been resolved and the matter clarified. If defense counsel at trial had perceived any injury or prejudice in the instructions given to the jury concerning the consideration of mitigating circumstances, he could have raised the issue by appropriate motion, objection, or request for alternate instructions based on Lockett and Songer. Thus the argument that improperly restrictive instructions were given could have been raised at trial and, had no appropriate relief been given by the trial judge, argued on appeal. Matters that could have been raised on appeal are not proper grounds for relief by means of a rule 3.850 motion. Maxwell v. Wainwright, 490 So.2d 927 (Fla.) cert. denied, ___ U.S. ___, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986); Armstrong v. State, 429 So.2d 287 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed.2d 177 (1983). Therefore the trial court was correct in summarily denying this ground of the motion as procedurally barred. Moreover, the record of the original trial shows that the defense was allowed to present evidence of mitigating factors not strictly related to any of the statutory list of mitigating circumstances. The reason there was no objection to the court's instruction based on the statutory list only is probably because the defense did not feel the jury was restricted or perceive any prejudice.
Next appellant argues that there were statements made by the judge and the prosecutor at the trial in the presence of prospective jurors that tended to minimize the seriousness of the jury's role in capital sentencing in violation of constitutional principles as expressed in Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). There it was held that it is constitutionally impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that the real responsibility for determining whether the death sentence is proper rests elsewhere.
First we note that most of the judge's statements appellant refers to were not made as formal instructions to the jury that actually heard the case, but were informal comments made to the prospective jurors during the process of jury selection. The judge and the attorneys were trying to explain the two phases of the trial and the separate advisory sentencing determination the jury might be called upon to make if the defendant were found guilty of a capital offense. Defense counsel did not object to any of these comments on the ground that they erroneously minimized the importance of the jury's sentencing role. All the comments themselves, seen in proper context, were accurate. See Spaziano v. State, 433 So.2d 508 (Fla. 1983), aff'd, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).
Appellant argues that the lack of objection at trial and argument on appeal does not preclude consideration of the issue now because Caldwell v. Mississippi was a fundamental change in the constitutional law of capital sentencing thus creating a new legal right that may form the basis for post-conviction litigation. We find that this contention is without merit. The extreme importance of the jury's sentencing recommendation under our capital felony sentencing law has long been recognized, having emerged from early judicial construction of the statute. McCaskill v. State, 344 So.2d 1276 (Fla. 1977); Chambers v. State, 339 So.2d 204 (Fla. 1976); Thompson v. State, 328 So.2d 1 (Fla. 1976); Tedder v. State, 322 So.2d 908 (Fla. 1975); Taylor v. State, 294 So.2d 648 (Fla. 1974). Thus if defense counsel at trial had believed that the prosecutor and judge were denigrating the jury's role to his client's prejudice, he could have objected and received corrective action based on the well known Tedder rule. The matter could then have been argued on appeal in the absence of adequate corrective action by the trial court. *428 The lack of objection at trial followed by argument on appeal constitutes a waiver of the objection. The trial court was correct in summarily denying this ground of the motion as procedurally barred.
Moreover, the record shows that the formal instructions given to the jury at the sentencing phase of the trial properly and adequately "stressed the significance of the jury's recommendation and the seriousness of the decision they were being asked to make." Pope v. Wainwright, 496 So.2d 798, 805 (Fla. 1986). Thus there was no Caldwell error committed at appellant's trial.
Next appellant argues that it was improper to sentence him to death under the principle announced in Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). This argument was made in Copeland's previous appeal to this Court and was found to be without merit as we affirmed the death sentence against this challenge. Copeland v. State, 457 So.2d at 1019. As cases previously cited show, a motion for post-conviction relief cannot be used to reargue matters finally resolved in an earlier appeal. Thus this claim is not cognizable and was properly denied by the trial court in a summary fashion. The following brief discussion will demonstrate clearly that the matter has been previously determined and cannot be reconsidered even though appellant candidly seeks such reconsideration.
In Enmund, the United States Supreme Court held that a robbery accomplice who was not present at or directly involved in the murders, but who had been found guilty of first-degree murder under the felony-murder statute, could not be subjected to a death sentence "in the absence of proof that Enmund killed or attempted to kill, and regardless of whether Enmund intended or contemplated that life would be taken." Enmund v. Florida, 458 U.S. at 801, 102 S.Ct. at 3378-79. In responding to appellant's Enmund argument on the previous appeal, this Court said:
Although the evidence did not show that appellant shot the victim, his participation in the events leading up to the murder was substantial enough to support the conclusion that he contemplated that life would be taken or anticipated that lethal force would be used.
Copeland v. State, 457 So.2d at 1019.
Petitioner argues that Enmund is only satisfied when there is direct proof of intent to kill and that in deciding the appeal we mischaracterized the facts of petitioner's participation in the murder. These arguments are without merit. Enmund requires proof that the defendant either killed, attempted to kill, intended to kill, "contemplated that life would be taken," 458 U.S. at 801, 102 S.Ct. at 3379, or "anticipated that lethal force would or might be used," 458 U.S. at 788, 102 S.Ct. at 3372. Our finding from the evidence that petitioner's participation in the acts preceding the murder was sufficient to satisfy the Enmund rule is not subject to reconsideration now. It was not based on mere inference of intent from the fact of participation in the underlying felonies, as suggested by petitioner. We noted petitioner's direct participation in the underlying felonies of robbery, kidnapping, and sexual battery. His "participation in the events leading up to the murder," 457 So.2d at 1019, taken together with the circumstances of the murder itself, proved that he contemplated or anticipated that the victim would be killed, distinguished the case from Enmund factually, and satisfied the Enmund rule. In applying the Enmund rule, the facts of Enmund should be kept in mind. Enmund was a getaway car driver, not present at the scene of the crimes, whose guilt of the underlying felony of robbery was based on his constructive presence. As an aider and abettor, he was a principal in the robbery under Florida law. Petitioner here participated in the robbery, kidnapping, and sexual battery actively and directly, not constructively.
As authority for his argument, appellant relies upon the dissenting opinion in State v. Tison, 142 Ariz. 446, 690 P.2d 747 (1984), and notes that certiorari has been granted to review the decision of the Arizona Supreme Court there. Tison v. Arizona, ___ U.S. ___, 106 S.Ct. 1182, 89 L.Ed.2d 299 *429 (1986) (granting certiorari). The dissenting opinion in question expresses the view that the evidence to satisfy the Enmund standard must be direct rather than circumstantial. The fact that the Arizona Supreme Court's decision there has been accepted for review is not a basis for us to revisit our determination that in this case the Enmund standard was met.
Next appellant argues that the statements he made to police authorities should not have been admitted into evidence against him at his trial. Prior to trial he moved to suppress his statements on several grounds. On appeal, he argued that the refusal to suppress the statements was reversible error. This Court expressly rejected the arguments that there was coercion rendering the statements involuntary, that the statements were the product of an illegal arrest, and that they were obtained in violation of the right to counsel. Copeland v. State, 457 So.2d at 1017-18. Therefore these previously raised and rejected claims will not be reconsidered and are not before us now.
Appellant puts forth an additional ground for suppression of the statements, asserting that his defective mental condition at the time of the police interviews was such that his waivers of the right to remain silent and other rights were not knowing and intelligent waivers. Because this argument was not raised as a ground in support of the motion to suppress at trial, it was foreclosed as a ground for objecting to the use of the statements and is not properly before us. Moreover, the defective mental condition of the accused, even when clearly established in a timely manner in support of an effort to exclude statements, does not by itself render the statements involuntary within the meaning of the due process clause of the United States Constitution. Colorado v. Connelly, ___ U.S. ___, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).
Appellant contends that his sentence of death is invalid on the ground that the death penalty in Florida is administered in an arbitrary and racially discriminatory manner. This argument was made on the previous appeal, as was the contention that appellant's death sentence threatens him with cruel and unusual punishment. Our rejection of these arguments finally settled these issues so they are not properly before us.
Appellant also argues that his convictions and sentence are invalid because he was incompetent to stand trial. It is argued that the trial court erroneously failed to hold a competency hearing, which should have been held because of indications calling appellant's competency into question. It should be noted that although the trial court did not hold a formal adversarial hearing on competency, it did appoint a psychiatrist and two psychologists to examine appellant and make reports to the court. Based on these reports and the other information available, the court found appellant competent to stand trial.
Appellant argues that the findings of two mental health experts, a psychiatrist and a psychologist, who recently performed extensive evaluations of appellant, should be taken into consideration and support the conclusion that he was incompetent to stand trial. On the authority of Card v. State, 497 So.2d 1169 (Fla. 1986), and James v. State, 489 So.2d 737 (Fla.), cert. denied, ___ U.S. ___, 106 S.Ct. 3285, 91 L.Ed.2d 574 (1986), we reject this attempt to belatedly and retroactively establish that there was a lack of competency to stand trial.
In his habeas corpus petition, Copeland again presents three of the arguments made on appeal of the denial of his rule 3.850 motion: (1) that his death sentence violates Enmund; (2) that death sentences are imposed arbitrarily and based on racial discrimination; and (3) that the refusal to change venue deprived him of a fair trial. As we have already stated, all three issues were determined adversely to appellant's position when his convictions and sentences were affirmed on appeal. Relitigation of previously settled matters is no more permissible by habeas corpus than it is by motion for post-conviction relief. "Habeas corpus is not a vehicle for obtaining a second determination of matters previously decided on appeal." Messer v. State, 439 So.2d 875, 879 (Fla. 1983).
*430 We affirm the denial of the rule 3.850 motion and deny the petition for writ of habeas corpus.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH and SHAW, JJ., concur.
BARKETT, J., concurs in result only.