**Timothy Wesley McCORQUODALE,
Petitioner-Appellant,**

v.

**Ralph M. KEMP, Superintendent, Georgia Diagnostic and Classification Center, Respondent-Appellee.**

No. 87–8724.

United States Court of Appeals,
Eleventh Circuit.

Sept. 20, 1987.

John R. Myer, Atlanta, Ga., Julius L. Chambers, John Charles Boger, NAACP Legal Defense and Educational Fund, Inc., New York City, for petitioner-appellant.

Michael A. Bowers, Atty. Gen. of Ga., Atlanta, Ga., Mary Beth Westmoreland, Asst. Atty. Gen., for respondent-appellee.

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Timothy Wesley McCorquodale, convicted of murder and sentenced to death, appeals from the district court's dismissal of his third federal petition for a writ of habeas corpus. The state of Georgia moved to dismiss the petition on the ground that the third petition raised a ground for relief that had already been raised in McCorquodale's first federal habeas petition and decided adversely to petitioner on the merits. Rule 9(b) of the Rules Governing Proceedings in the District Court on application under section 2254 of Title 28, United States Code provides:

(b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

The district court concluded that McCorquodale's third petition raised no new ground for relief and that prior determination had been on the merits. The court further concluded, following *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963), that controlling weight could be given to the prior denial of McCorquodale's petition for habeas corpus because the "ends of justice would not be served by reaching the merits of the subsequent application."

In his first federal petition, McCorquodale argued that his trial had been rendered fundamentally unfair by a statement in the prosecutor's closing argument to the jury. After remarking to the jury that it had a "vital contribution which you are now considering and will be deliberating on," the prosecutor stated, "And after your decision, the Appellate Court will have a very important responsibility." A panel of this court, following the Supreme Court case of *Donnelly v. DeChristoforo*, 416

U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), held that "[i]n the context of the entire trial, the remark was not sufficiently prejudicial so as to render the trial fundamentally unfair." The panel opinion noted that the trial court gave a curative instruction. *McCorquodale v. Balkcom*, 705 F.2d 1553, 1556 (11th Cir.1983). This portion of the panel opinion was adopted by the court *en banc*. *McCorquodale v. Balkcom*, 721 F.2d 1493, 1502 (11th Cir.1983), *cert. denied*, 466 U.S. 954, 104 S.Ct. 2161, 80 L.Ed.2d 546 (1984).

McCorquodale now challenges the same remark in the prosecutor's closing argument, but on eighth amendment grounds. He argues that *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), decided since the filing of his prior habeas petition, held that prosecutorial remarks to the jury that emphasize appellate review in capital cases violate the eighth amendment because they tend to undermine the jury's sense of its own responsibility as the body with the duty to determine whether or not to impose the death penalty. Because the *Caldwell* decision was delivered after this court's decision on the merits in his first habeas petition, petitioner argues that *Caldwell* represents new law, and that his petition should not be dismissed under Rule 9(b).

■ As this court noted in *Adams v. Dugger*, 816 F.2d 1493, 1496 n. 2 (11th Cir.1987), our previous decision on McCorquodale's first habeas petition gave no indication that the eighth amendment was implicated by statements regarding appellate review. Moreover, the state of the case law prior to *Caldwell*, gave no indication that such statements might violate the eighth amendment. Although the Supreme Court in *Donnelly v. DeChristoforo* criticized such statements, it observed that the case was not one in which a specific guarantee of the Bill of Rights was violated but rather whether the closing argument had violated due process. 416 U.S. at 643, 94 S.Ct. at 1871. *Caldwell* was the first Supreme Court case to hold that prosecutorial statements regarding appellate review might violate the eighth amendment. Fur-

thermore, the state of eighth amendment law at the time of the filing of McCorquodale's first petition was not sufficiently developed to give a clear indication that such prosecutorial statements raised an eighth amendment issue. *See Adams v. Dugger*, 816 F.2d at 1495. We conclude that *Caldwell* represented new law; thus a *Caldwell* violation, if proven, would present new grounds for relief. We therefore grant the motion for Certificate of Probable Cause.

We turn then to McCorquodale's petition to determine whether it raises a viable *Caldwell* claim. McCorquodale argues that the prosecutor's statements regarding the important responsibility of the appellate court encouraged the jury to abandon its crucial function as primary sentencer, and that the curative instruction given by the trial court failed to correct the damage. After the prosecutor told the jury about the appellate court's "important responsibility," the court gave the following curative instructions:

> This portion of the argument made by the District Attorney is highly improper and I quote. And after your decision the Appellate Court will have an important responsibility. End of quote.

> Now ladies and Gentlemen, I urge this brief instruction, that you eliminate from your minds any consideration whatsoever respecting that particular portion of the District Attorney's argument, ladies and gentlemen. Give it no consideration whatsoever, insofar as you are concerned as jurors. This case is concluded when you return your verdict. As a matter of fact, theoretically, insofar as this Court is concerned, it's concluded, ladies and gentlemen. Give that remark no consideration whatsoever. Eliminate it from your minds as though it was never made and ladies and gentlemen, again, I would request, to be very assured, to disregard what is a highly improper remark.

As the district court observed, what the trial court did here is far different from the actions of the court in *Caldwell*. In *Cald-*

*well,* the trial judge not only failed to correct the prosecutor's remarks but in fact stated to the jury that the remarks had been proper and necessary. 472 U.S. at 324, 105 S.Ct. at 2636, 86 L.Ed.2d at 237. *See also Adams v. Wainwright*, 804 F.2d 1526, 1532 (11th Cir.1986), *modified in part sub nom. Adams v. Dugger*, 816 F.2d 1493 (11th Cir.1987). In *Caldwell*, however, the Supreme Court did not say that any reference to appellate review would constitute ground for reversal; rather it stated that "[s]uch comments, *if left uncorrected,* might so affect the fundamental fairness of the sentencing proceeding as to violate the Eighth Amendment." 472 U.S. at 340, 105 S.Ct. at 2645, 86 L.Ed.2d at 246 (emphasis added). The *Caldwell* Court also distinguished *Donnelly v. DeChristoforo*, pointing out that in *Donnelly*, the trial judge had given the jury a "strong curative instruction." *Id.* at 339, 105 S.Ct. at 2645, 86 L.Ed.2d at 246. The question then is whether the trial judge in this case sufficiently corrected the impression left by the prosecutor.

Here, the court immediately instructed the jury to eliminate the prosecutor's improper argument from its consideration and told the jury, "This case is concluded when you return your verdict." The trial court properly did more than merely instruct the jury to disregard the prosecutor's statement; it advised the jury that the statement was "highly improper" and that the case ended with the jury's decision. This admonishment was sufficient to correct any improper impression that the prosecutor may have sought to impart.[1]

We conclude therefore that McCorquodale has failed to show a *Caldwell* eighth amendment violation. Accordingly, we AFFIRM the judgment of the district court dismissing the petition for habeas corpus.

We deny the motion for oral argument.

We deny the motion for a stay of execution.

---

1. Because we base our decision on the curative instruction given by the trial judge, we do not address whether, had it not been corrected, the prosecutor's remark in this case would have been constitutionally impermissive.