518 So.2d 901 (1987)
Charles Kenneth FOSTER, Appellant,
v.
STATE of Florida, Appellee.
Charles Kenneth FOSTER, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
Nos. 70184, 70597.
Supreme Court of Florida.
December 3, 1987.
Rehearing Denied February 10, 1988.
Richard H. Burr, III, New York City, and Steven L. Seliger, Quincy, for appellant/petitioner.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee/respondent.
PER CURIAM.
Charles Kenneth Foster appeals the denial of a motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, and also petitions this Court for a writ of habeas corpus in connection with the death sentence imposed upon him. We have jurisdiction. Art. V, §§ 3(b)(1), (9), Fla. Const.
The facts pertinent to our discussion are simple. Foster was convicted of murder and sentenced to death in 1975.[1] During the sentencing phase, the prosecutor told the jury that under Florida's capital punishment system their recommendation as to the death penalty or life imprisonment would not be determinative, as the final decision rested with the trial court. As was the procedure in effect at that time, there was no jury instruction on nonstatutory mitigating factors. Defense counsel did not object to either the prosecutor's statements or to the instructions. The jury recommended the death penalty, and the trial judge imposed a sentence of death.
In his appeal from the denial of his motion for postconviction relief, Foster contends that the conduct of the trial violated Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), in that the jury was told that its role was only to give an advisory opinion, thereby diminishing its sense of responsibility. If there was any validity to this claim, it should have been raised on appeal because Caldwell did not represent a change in the law upon which to justify a collateral attack. Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Moreover, Foster's *902 claim could not be sustained on its merits because unlike Caldwell, in Florida the judge rather than the jury is the ultimate sentencing authority.
In his petition for habeas corpus, Foster claims that his sentencing proceeding violated the principles of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), in that the jury and judge did not consider nonstatutory mitigating evidence in deciding his sentence. The record reflects not only the jury instruction condemned in Hitchcock but also the fact that the trial judge felt himself limited to considering the statutory mitigating factors. The sentencing order stated: "The Court finds, from the evidence, that sufficient aggravating circumstances exist as enumerated in subsection (5) of section 921.141, Florida Statutes, that justify a sentence of death, and that there are insufficient mitigating circumstances, as enumerated in Subsection (6) of said Section 921.141, to outweigh the aggravating circumstances." (Emphasis added.)
The fact that the judge, the ultimate sentencing authority, did not consider nonstatutory mitigating evidence settles the issue because there was some nonstatutory mitigating evidence that the court could have considered.[2]Hitchcock; Delap v. Dugger, 513 So.2d 659 (Fla. 1987); Harvard v. State, 486 So.2d 537 (Fla. 1986). A new sentencing proceeding is mandated "when it is apparent from the record that the sentencing judge believed that consideration was limited to the mitigating circumstances set out in the capital sentencing statute... ." Id. at 539.[3]
We affirm the appeal of the denial of the motion for postconviction relief. However, we grant the petition for habeas corpus, vacate Foster's sentence and remand this case to the trial court for a new sentencing proceeding at which all mitigating evidence may be presented to the judge and jury.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
I agree with the court's opinion except for its Caldwell analysis and conclusion. In Adams v. Wainwright, 804 F.2d 1526 (11th Cir.1986), modified, 816 F.2d 1493 (11th Cir.1987), the Eleventh Circuit has interpreted Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), as applicable to Florida's capital sentencing scheme. See also Mann v. Dugger, 817 F.2d 1471 (11th Cir.), vacated & set for rehearing, 828 F.2d 1498 (11th Cir.1987); Harich v. Wainwright, 813 F.2d 1082 (11th Cir.), vacated & set for rehearing, 828 F.2d 1497 (11th Cir.1987). I believe this is correct and cannot join the majority's conclusion to the contrary.
In Adams, the Eleventh Circuit specifically concluded that Caldwell constituted a fundamental change in the law, thus permitting petitioners to raise the issue for the first time on collateral challenge. Adams, 816 F.2d at 1495. Accord McCorquodale v. Kemp, 829 F.2d 1035 (11th Cir.1987). Although we are not bound by this conclusion, Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), it nevertheless is both persuasive and manifestly correct. In McCorquodale, the Eleventh Circuit reiterated its prior comments:
[T]he state of the case law prior to Caldwell, gave no indication that such statements might violate the eighth amendment... . *903 Caldwell was the first Supreme Court case to hold that prosecutorial statements regarding appellate review might violate the eighth amendment... . We conclude that Caldwell represented new law; thus a Caldwell violation, if proven, would present new grounds for relief.
Id. at 1036-37. In effect, the majority upholds the application of a procedural bar although petitioner's trial preceded the decision in Caldwell. This merely leaves this issue for the federal courts to resolve.
Nor can I agree with this Court's prior statements that an independent remedy existed under Florida law for the type of claim asserted in this instance. See Copeland v. Wainwright, 505 So.2d 425 (Fla.), vacated, ___ U.S. ___, 108 S.Ct. 55, 98 L.Ed.2d 19 (1987). This position cannot be squared with federal law. In Ake v. Oklahoma, 470 U.S. 68, 75, 105 S.Ct. 1087, 1093, 84 L.Ed.2d 53 (1985), the Supreme Court held that
when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded... . In such a case, the federal law-holding is integral to the state court's disposition of the matter... .
The mere fact a petitioner could have interposed an objection based on state-law grounds, e.g. Copeland; Ailer v. State, 114 So.2d 348 (Fla.App. 1959); Pait v. State, 112 So.2d 380 (Fla. 1959), does not change the fact that Caldwell  unlike these state decisions  rested on the eighth amendment Under Ake, the eighth amendment principle espoused in Caldwell cannot be barred merely because petitioner failed to raise an objection grounded in state law that happened to address a similar concern.
Finally, it is misleading, though technically true, to say that the trial judge is "the ultimate sentencing authority." Majority opinion at 2. The judge does impose sentence. However, the jury's role is crucial and usually decisive, since it is binding upon the trial judge unless virtually no reasonable person could have reached that result. E.g., Fead v. State, 512 So.2d 176 (Fla. 1987); Ferry v. State, 507 So.2d 1373 (Fla. 1987); Tedder v. State, 322 So.2d 908 (Fla. 1975). Even in Copeland, we acknowledged "[t]he extreme importance of the jury's sentencing recommendation." 505 So.2d at 427. Indeed, the trial judge must follow the jury's advice in the majority of cases. See Mello & Robson, Judge Over Jury: Florida's Practice of Imposing Death Over Life in Capital Cases, 13 Fla. St.U.L.Rev. 31, 53-54 (1985) (three quarters of all jury overrides are reversed on appeal). Because of the extreme importance of the jury recommendation, I therefore conclude that the jury and judge acting together constitute the sentencer in Florida. Caldwell thus is binding upon both.
For these reasons, the trial court should have heard this petitioner's Caldwell claim on the merits rather than dismissing it as procedurally barred. Moreover, because this issue continues to arise in cases like this one, I conclude that the standard jury instruction for the penalty phase should be revised to reflect more accurately the extreme importance of the jury's role.
NOTES
[1] The judgment and sentence were affirmed in Foster v. State, 369 So.2d 928 (Fla.), cert. denied, 444 U.S. 885, 100 S.Ct. 178, 62 L.Ed.2d 116 (1979).
[2] Foster asserts as nonstatutory mitigating factors his long history of mental illness and treatment, his intoxication at the time of the murder, and his remorse for the commission of the crime.
[3] Hitchcock left open the possibility of harmless error, an issue the state did not brief in this case. The main thrust of the state's argument here is that the Lockett issue is procedurally barred. This Court has settled that question adversely to the state in Riley v. Wainwright, 517 So.2d 656 (Fla. 1987).