FERGUSON, Judge
(concurring).
The State relies upon a 1981 decision of this court which was quashed by the Florida supreme court. The defendant relies on the 1983 supreme court decision in the same case, which was abandoned sub silen-tio four years later. This court’s holding in the 1981 case has now become the law in this State.
In State v. DeConingh, 400 So.2d 998 (Fla. 3d DCA 1981), we held that a confession which is the product of a mind confused by mental disturbance raises a question of credibility to be determined by the jury, and that the question of admissibility arises only where there is an inherently coercive custodial interrogation by police officers. In DeConingh v. State, 433 So.2d 501 (Fla.1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984), the supreme court quashed our opinion, holding that “[tjhere was a factual basis for the trial court to conclude that DeConingh’s *1065 mental and emotional distress prevented her from effectively waiving her rights and that she did not make the statement voluntarily or knowingly” without a finding that the defendant was in custody or that she had been interrogated by police officers.
In Copeland v. Wainwright, 505 So.2d 425 (Fla.1987), the supreme court revisited the question, ruling that “the defective mental condition of the accused, even when clearly established in a timely manner in support of an effort to exclude statements, does not by itself render the statements involuntary within the meaning of the due process clause of the United States Constitution (citing Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986)). Connelly holds, as did we in 1981, that “coercive police activity is a necessary predicate to the finding that a confession is not ‘voluntary’ within the meaning of the Due Process Clause of the Fourteenth Amendment.” DeConingh v. State, cannot be reconciled with Copeland.
Since Stewart was not in custody when he made the incriminating statements, and was not interrogated by police officers, there was no basis for the finding that his statements were inadmissible as a matter of law.