Carlos **MOLINA**, Petitioner–Appellant,

v.

Richard H. **RISON**, Warden, Respondent–Appellee.

No. 88–6388.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 1989.

Decided Sept. 25, 1989.

Carlos Molina, San Diego, Cal., petitioner-appellant, pro se.

Judith S. Feigin, Asst. U.S. Atty., San Diego, Cal., for respondent-appellee, U.S.

Before FLETCHER and NELSON, Circuit Judges, and CARROLL,* District Judge.

NELSON, Circuit Judge:

Appellant Carlos Molina appeals from the dismissal, without a hearing, of his third motion under 28 U.S.C. § 2255 challenging his conviction and sentence on one count of bank robbery. Molina's motion raises two issues. First, Molina contends that the sentencing judge improperly relied on the fact that Molina had refused to cooperate with the probation office. We reject this claim as successive, because it raises a ground that was decided adversely to Molina, on the merits, in proceedings concerning a prior § 2255 motion. Second, Molina contends that the sentencing judge should have recused himself. We conclude that Molina cannot raise this issue on a § 2255 motion because he has procedurally defaulted. Accordingly, we affirm the dismissal of Molina's motion.

I

Molina was convicted on April 23, 1980 after a bench trial held before Judge Turrentine on stipulated facts. The probation office was ordered to conduct a presentence investigation. Molina's defense counsel instructed him not to discuss the case with anyone, including the probation office, while the appeal of his conviction was pending in this court.[1]

On April 28, 1980, Molina's codefendant, Mary DeVargas, pleaded guilty to a reduced charge of one count of bank larceny and was sentenced to five years in prison. On June 2, 1980, Molina was sentenced to 15 years in prison on one count of bank robbery. After his conviction was affirmed on appeal, Molina moved on December 4, 1981 for a modification of sentence, which was granted to the extent of allowing him to be eligible for parole under 18 U.S.C. § 4205(b)(2).

Almost two years later, on December 15, 1983, Molina filed his first motion under § 2255. The motion was based on several grounds, among which was the claim that counsel had been ineffective in failing to move for a recusal of Judge Turrentine, who allegedly had a close relationship with the family of Molina's codefendant, DeVargas. The motion was dismissed on June 13, 1984, and Molina did not appeal. Approximately 16 months later, Molina filed a second motion under § 2255. In the proceedings concerning this second motion, Molina alleged that the sentence disparity between him and DeVargas was unlawful. The district court dismissed the petition, and this court affirmed. *Molina v. United States,* 812 F.2d 715 (9th Cir.1987) (unpublished memorandum disposition).

About 13 months later, in April 1988, Molina filed a third § 2255 motion, which is the subject of the present appeal. The motion raises two issues. First, Molina once again contends that the sentence disparity between him and his codefendant was unlawful, although his claim is based on somewhat different legal and factual premises. Second, Molina alleges that Judge Turrentine was a "close and personal friend" of the family of Molina's codefendant, Mary DeVargas. The district court dismissed the motion on May 31, 1988. Molina's appeal is timely.[2]

II

In this, his third § 2255 motion, Molina alleges an unlawful sentence disparity.

---

* The Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation.

1. The conviction subsequently was affirmed. *United States v. Molina,* 649 F.2d 870 (9th Cir. 1981) (unpublished memorandum disposition).

2. While this appeal was pending, Molina was released from prison. This fact does not, however, render this appeal moot. *See Carafas v. LaVallee,* 391 U.S. 234, 237–40, 88 S.Ct. 1556, 1559–61, 20 L.Ed.2d 554 (1968).

The government argues that Molina's contention on this score is "successive" in that it is not sufficiently distinguishable from the grounds that were raised in the second § 2255 motion. Furthermore, it also appears that the issue of whether Judge Turrentine should have been recused was raised in Molina's first § 2255 motion, albeit in the context of a claim of ineffective assistance of counsel. Accordingly, we must first decide whether the dismissal of Molina's § 2255 motion can be sustained on the ground that it was successive.

### A

Before turning to a comparison of Molina's various motions, we think it useful first to summarize the standards for determining whether a motion is successive. Rule 9(b) of the Rules Governing § 2255 Proceedings provides:

> A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

The first clause of Rule 9(b), concerning motions that raise the same ground, deals with the problem of "successive" motions; the second clause, concerning failure to raise new grounds in an earlier petition, involves the problem of "abusive" motions. *See Neuschafer v. Whitley*, 860 F.2d 1470,

1474 n. 3 (9th Cir.1988). The issue of whether Molina's third motion is "abusive" is not properly before this court inasmuch as the government did not, as required, specifically raise this issue in response to Molina's motion, either in the district court or on appeal. *Sanders v. United States,* 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963); *United States v. Donn,* 661 F.2d 820, 823 (9th Cir.1981).[3] Therefore, the only issue in this regard is whether Molina's motion is "successive." [4]

In addition to the Rule 9(b) language concerning successive motions, § 2255 provides that the court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Rule 9(b), which became effective in 1977, was drafted so as to be "consistent with the language of § 2255 and relevant case law." Rule 9, Rules Governing § 2255 Proceedings, advisory committee's note. Accordingly, pre–1977 case law interpreting this provision of § 2255 is relevant in interpreting the meaning of Rule 9(b).

The leading Supreme Court case concerning the import of successive motions under § 2255 is *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). In language comparable to Rule 9(b), *Sanders* held that a prior adverse determination, on the merits, of a ground presented in an earlier motion could be held controlling, at least where the ends of justice would not be served by reaching the merits of the subsequent motion. *Id.* at 15, 83 S.Ct. at 1077. There is no dispute in the present case that Molina's earlier motions

---

**3.** Even if this issue were properly before the court, it is clear that Molina's third motion could not be considered "abusive." A motion may be considered "abusive" only when the applicant "(1) made a conscious decision deliberately to withhold [the new grounds] from a prior [motion]; (2) is pursuing needless piecemeal litigation; or (3) has raised the claims only to vex, harass, or delay." *Neuschafer v. Whitley,* 860 F.2d 1470, 1474 (9th Cir.1988). Nothing in the record indicates that Molina has made this sort of conscious decision to withhold issues or has sought to proceed in a vexatious or needlessly piecemeal fashion.

**4.** It might be argued that the government's failure to raise the issue of successiveness in the

district court should bar consideration of the question on appeal. In *Ward v. United States,* 694 F.2d 654, 657 n. 1 (11th Cir.1983), the Eleventh Circuit held that where the government fails to raise the issue of successiveness and the district court proceeds to the merits of the motion, the court of appeals will also decide the merits, unless the government shows that it was an abuse of discretion for the district court to reach the merits. However, application of the *Ward* rule seems inappropriate in this case in light of the fact that the district court summarily dismissed Molina's motion without calling for a response from the government. On appeal, the government specifically has raised the issue of successiveness.

were rejected on the merits. Accordingly, the key issue is whether each "ground" asserted in the current § 2255 motion is sufficiently different from those alleged in the prior motions.

*Sanders* provides some important guidance. on the difficult issue of what constitutes a different "ground" of relief. The Court's comments make it very clear that a prisoner does not allege a new "ground" simply by presenting a legal issue that is distinguishable from the precise issues decided in earlier § 2255 proceedings:

> By "ground," we mean simply a sufficient legal basis for granting the relief sought by the applicant. For example, the contention that an involuntary confession was admitted in evidence against [a prisoner] is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different "ground" than does one predicated on alleged physical coercion. In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, or be couched in different language, or vary in immaterial respects.

*Id.* at 16, 83 S.Ct. at 1077 (citations omitted). The Court also cautioned, however, that any doubts as to whether two grounds are different or the same "should be resolved in favor of the applicant." *Id.*

As this court has noted, this definition of "ground" is "more easily stated than applied." *Polizzi v. United States,* 550 F.2d 1133, 1136 (9th Cir.1976). The case law does, however, provide some guidance. *Sanders* states that an involuntary confession claim is still the same "ground" even if the present claim is based on factual premises that are very different from those on which the earlier claim was based. 373 U.S. at 16, 83 S.Ct. at 1077. Several cases have applied this rule to a variety of contexts. *See Lonberger v. Marshall,* 808 F.2d 1169, 1174 (6th Cir.) (ground that plea

was involuntary because of failure to inform prisoner of nature of charges was not sufficiently different, under *Sanders,* from ground that plea was involuntary because of failure to inform prisoner of possible double jeopardy violation), *cert. denied,* 481 U.S. 1055, 107 S.Ct. 2195, 95 L.Ed.2d 850 (1987); *In re Shriner,* 735 F.2d 1236, 1240 (11th Cir.1984) (where ground of involuntariness of confession has been raised previously and rejected on merits, prisoner could not assert same ground simply by varying facts on which claim was based); *Williams v. United States,* 731 F.2d 138, 141–42 (2d Cir.1984) (new factual premise for claim of involuntary confession does not present different legal ground under *Sanders*), *cert. denied,* 469 U.S. 1188, 105 S.Ct. 956, 83 L.Ed.2d 963 (1985); *Cunningham v. Estelle,* 536 F.2d 82, 83 (5th Cir. 1976) (holding that, under *Sanders,* prisoner could not reassert ground of ineffective assistance of counsel "simply by varying the factors that he claims demonstrate incompetency"); *Raulerson v. Wainwright,* 753 F.2d 869, 873 (11th Cir.1985) (same); *Brown v. Peyton,* 435 F.2d 1352, 1354 (4th Cir.1970) (ground that plea had been coerced by judge was not sufficiently distinct from ground that plea had been coerced by attorney), *cert. denied,* 406 U.S. 931, 92 S.Ct. 1785, 32 L.Ed.2d 133 (1972).

Conversely, several cases have held that an applicant can succeed in alleging a different "ground" if the nature of the legal claim is very different from the earlier one, despite the fact that there may be considerable—if indeed not total—overlap in the factual premises on which the two claims are based. *See Magby v. Wawrzaszek,* 741 F.2d 240, 242–43 (9th Cir.1984) (ground that confession was involuntary was sufficiently different from simple claim that confession was taken in violation of *Miranda* ), *cert. denied,* —— U.S. ——, 109 S.Ct. 2070, 104 L.Ed.2d 635 (1989) [5]; *McCorquodale v. Kemp,* 829 F.2d 1035, 1036–37 (11th Cir.) (per curiam) (challenge, on eighth amend-

---

**5.** *Cf. Miller v. Bordenkircher,* 764 F.2d 245, 250 (4th Cir.1985) (ground that right against self-incrimination had been violated by failure to give *Miranda* warnings was not sufficiently different from earlier claim that right against self-incrimination had been violated by eliciting statements while prisoner was under influence of drugs).

ment grounds, to prosecutor's improper closing argument during death penalty case was a sufficiently distinct ground from earlier claim that the same closing argument rendered the trial "fundamentally unfair"), *cert. denied*, 483 U.S. 1055, 108 S.Ct. 32, 97 L.Ed.2d 818 (1987); *see also Bush v. United States*, 765 F.2d 683, 684 (7th Cir.) (claim that defense counsel had conflict of interest was sufficiently different from earlier claims that defense counsel had been ineffective in various particulars), *cert. denied*, 474 U.S. 1012, 106 S.Ct. 542, 88 L.Ed.2d 472 (1985).

At the same time, however, several cases have reiterated *Sanders'* statement that a mere shift in the legal arguments supporting a particular ground is not sufficient to create a new ground for relief. *See Sanders*, 373 U.S. at 16, 83 S.Ct. at 1077; *Williams v. Butler*, 819 F.2d 107, 108 (5th Cir.1987) (per curiam) (Rule 9(b) may not be "evaded" simply by "advanc[ing] the same claim, supported by new arguments thought up since the last time that [the prisoner] advanced it"); *Wilson v. Henderson*, 742 F.2d 741, 743 (2d Cir.1984) (claim that prisoner's sixth amendment rights under *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), were violated by use of statements made to jailhouse informant was not sufficiently different ground from claim that use of such statements violated sixth amendment rights under *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980)), *rev'd on other grounds sub nom. Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

These cases establish that, despite the similarity or differences in the factual context of the claim, a ground is successive if the basic thrust or "gravamen" of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments. *Raulerson*, 753 F.2d at 873. Thus, whether a particular "new" issue is merely a "new legal argument" rather than a "new legal claim" will depend on whether the new issue is *itself* a ground for relief, as op-posed to being merely a supporting argument or predicate step to a larger, basic claim. *See Sanders*, 373 U.S. at 16, 83 S.Ct. at 1077 (defining a "ground" as "a sufficient legal basis for granting the relief sought").

**B**

We can now apply these principles to Molina's present claims. In his second § 2255 motion, Molina raised several claims, including an allegation that there was an unlawful disparity between his sentence and that received by his codefendant. In his moving papers, Molina argued that the sentence was improper because (1) the district court relied on "erroneous and unconstitutional information" in imposing sentence, namely a prior conviction that had been unconstitutionally obtained; and (2) it was a violation of "equal protection" and "fundamental fairness" to give DeVargas a more lenient prison sentence on the grounds that she had cooperated with the government when "Mr. Molina was not 'uncooperative' by exercising his right to be found guilty by a Court of law upon the 'stipulated facts trial' conducted in this matter." After the district court denied the second § 2255 motion without specifically commenting on the sentencing disparity issue, Molina filed a motion for reconsideration which alleged an additional, third reason why the sentence disparity was improper, namely that the sentencing judge had failed to explain adequately his reasons for imposing a disparate sentence. Molina contended that such an explanation was required in order to ensure that he "was not penalized for standing trial." The court denied the motion for reconsideration.

Molina appealed the dismissal of his second motion to this court. This court affirmed the dismissal of Molina's second § 2255 motion, holding, with regard to the sentencing disparity issue, that: (1) there was no indication that the sentencing court had relied on the allegedly unconstitutional prior conviction; (2) there was no evidence that Molina was penalized for exercising his right to trial; and (3) the sentencing

court adequately explained its reasons for imposing disparate sentences.

In the current round of § 2255 proceedings, Molina argues that it was improper to use his noncooperation as a factor in imposing a disparate sentence because: (1) he had a sixth amendment right to rely on his attorney's advice without negative consequences; (2) he had a fifth amendment right not to speak with the probation office; and (3) his decision not to speak with the probation office simply does not indicate "uncooperativeness"; rather, it indicates that he was following his attorney's advice.[6]

■ Considering each set of allegations as a whole, a comparison of the two disparate sentence claims suggests that they are indeed successive. The basic thrust of both sets of claims is that the trial judge lacked any legitimate basis for imposing different sentences. The first time around, Molina emphasized the impropriety of relying on the prior unconstitutional conviction and the fact that his insistence on a stipulated facts trial could not be considered "uncooperativeness." Having lost once on this ground, Molina is now seeking simply to come back with certain variations on the same basic claim. This time, Molina emphasizes the impropriety of relying on his failure to speak with the probation office, and the supporting argument has shifted from protecting his "right to trial" to protecting his "right to rely on his attorney's advice."

Furthermore, Molina's arguments about the significance of his uncooperativeness are not in themselves sufficient grounds for relief; they are merely predicate steps in a larger, basic claim concerning whether the district court possessed sufficient information to impose a disparate sentence. Since that issue was decided, on the merits, adversely to Molina in the proceedings concerning his second § 2255 motion, we need not reach the merits so long as "the ends of justice would not be served" by doing so. *Sanders,* 373 U.S. at 15, 83 S.Ct. at 1077.

■ The situation is different with respect to the issue of recusal. In his first § 2255 motion, Molina alleged that counsel was ineffective in failing to move for the recusal of Judge Turrentine. In the present motion, Molina seeks to raise the recusal issue directly. The Eleventh Circuit has held that Rule 9(b) bars a prisoner from relitigating an issue simply by recasting it in terms of ineffective assistance of counsel, *see Shriner,* 735 F.2d at 1240, and vice versa, *see Raulerson,* 753 F.2d at 876. While in many contexts this may be the correct result, it seems that, under *Sanders,* this cannot be a flat rule. As the Supreme Court noted in *Kimmelman v. Morrison,* 477 U.S. 365, 374, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986), a claim of ineffective assistance with regard to an issue is "distinct" from any claim concerning the underlying issue itself, "both in nature and in the requisite elements of proof."[7] Indeed, the two claims will generally protect different sorts of rights and require different legal analyses. In short, "the two claims have separate identities and reflect different constitutional values." *Id.* at 375, 106 S.Ct. at 2583. Thus, applying the standards outlined earlier, it seems clear that the basic nature and thrust of Molina's recusal claim is different from that of his ineffective assistance claim. Although Molina would have been required to prove that his recusal issue was meritorious in order to establish that his counsel

**6.** The precise scope of Molina's arguments—both on this motion and on the prior one—is not always easy to discern. This description of his claims is based on a fairly generous reading of his moving papers. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (*pro se* pleadings should be construed liberally).

**7.** At issue in *Kimmelman* was whether *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), which restricts the ability of prisoners to use habeas corpus to relitigate fourth amendment issues, should be applied similarly to restrict the ability to relitigate sixth amendment claims based on the ineffective handling of fourth amendment claims. The Court rejected the state's assertion that the two types of claims were basically the same, and held that *Stone* does not apply to sixth amendment claims, even if they are based on the handling of fourth amendment issues.

was ineffective, *see id.*, this should not bar him from raising the recusal issue directly, inasmuch as the district court did not expressly rule on the recusal issue when it rejected his ineffective assistance claims.[8] Furthermore, Molina's recusal claim is itself a sufficient ground for relief; it is not, as currently presented, merely a predicate step in a larger, basic claim that is identical to the one presented earlier. Accordingly, this claim is not successive.

■ The only remaining issue left with respect to successiveness is whether the "ends of justice" require this court to entertain Molina's disparate sentencing claim, despite its successive nature. In *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986), a plurality of four Justices held that "the 'ends of justice' require federal courts to entertain [successive] petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." Under this standard, Molina would easily lose since he has not even suggested that he was innocent. However, we are not aware of any Ninth Circuit case that has decided whether to follow the standard advocated by the *Kuhlmann* plurality.

We need not decide whether to adopt the *Kuhlmann* plurality standard. We conclude that, even under our earlier formulations of the standard, the "ends of justice" would not be served by proceeding to the merits of Molina's sentencing disparity claim. There has been no intervening change in the law, and there is no good reason why the precise arguments that Molina makes in support of this claim could not have been made in his earlier motion. *See Polizzi*, 550 F.2d at 1136 (court only need entertain successive petition where there is "manifest injustice" or "a change in law"). Although Molina claims that he was unaware until 1986 that the sentencing judge had relied on his failure to cooperate with the probation office, this claim is decisively refuted by the transcript of the sentencing hearing. Accordingly, Molina's claim of sentence disparity is successive and was properly dismissed.

### III

■ Molina alleges that Judge Turrentine should have recused himself in these matters because he is a "close and personal friend" of the family of Molina's codefendant, DeVargas. Molina contends that Judge Turrentine's alleged "bias" is evident from the lighter sentence given to DeVargas. The government responds that Molina's recusal argument is both untimely and without merit. This court reviews a denial of a motion for recusal only for abuse of discretion. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986).

■ It is well-established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 or § 455 must be made in a timely fashion. *United States v. Branco*, 798 F.2d 1302, 1304 (9th Cir.1986) (motion for recusal under § 144 must be made in timely manner); *Studley*, 783 F.2d at 939 (same); *United States v. Conforte*, 624 F.2d 869, 879–80 (9th Cir.) (where defendant was aware, before trial, of facts giving rise to possible grounds for recusal under § 455, issue could not be raised for the first time on appeal, absent "exceptional circumstances"), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980); *see also Willner v. University of Kansas*, 848 F.2d 1023, 1028 (10th Cir.1988) (per curiam) (motion to recuse under § 455(a) must be timely filed) (collecting cases), *cert. denied*, —— U.S. ——, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). In his first § 2255 motion, Molina alleged that his counsel was ineffective in failing to move for recusal during pretrial proceedings when "counsel knew of the close relationship between [the] trial judge, the co-defendant, and the co-defendant's family, who are wealthy socialites and who have on occasions socialized with the trial judge in this case." Thus, Molina's own papers demonstrate that Molina's counsel, if not Molina him-

---

**8.** The opposite would be true if, for example, the record revealed that the district court had earlier rejected the recusal claim in the course of rejecting Molina's ineffective assistance claim. In such contexts, the *Raulerson* rule makes sense.

self, was aware, *during pretrial proceedings,* of the asserted grounds for recusal. Because Molina was required to raise this issue in a timely manner and yet failed to do so, he has procedurally defaulted and therefore may only raise this issue on a § 2255 motion if he can demonstrate "cause and prejudice" for the procedural default. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

 Molina is clearly unable to satisfy the "cause" requirement of *Frady.* Molina's first § 2255 motion states that his counsel was aware of the grounds for recusal and yet failed to file a motion. Under *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), an error of counsel that results in procedural default cannot constitute "cause" unless (1) counsel was ineffective or (2) "some objective factor external to the defense impeded counsel's efforts to comply" with the procedural rule. The first of these options is not available in this case because the issue of whether Molina's counsel was ineffective in failing to move for recusal has already been decided adversely to Molina in the proceedings concerning his first § 2255 motion. Furthermore, Molina has not alleged, and the record does not indicate, that there was any "objective factor" that impeded compliance with the requirement that a recusal motion be made in a timely fashion. Molina's recusal claim did not, for example, raise an issue "so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984); *see also Murray,* 477 U.S. at 488, 106 S.Ct. at 2645 (indicating that such novelty could constitute an "objective factor" impeding compliance). Because "the files and records conclusively demonstrate" that Molina "is not entitled to relief" on this ground, the motion was properly dismissed without an evidentiary hearing. *Tucker v. Gunn,* 541 F.2d 1368, 1369 (9th Cir.1976) (per curiam).

The dismissal of Molina's § 2255 motion is AFFIRMED.