951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe Vern PIERCE, Petitioner-Appellant,
v.
George HERMAN, et al., Respondents-Appellees.
 No. 90-16835.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 20, 1991.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and KLEINFELD, Circuit Court Judges.
 MEMORANDUM**
 Joe Vern Pierce appeals from the district court's dismissal in part and denial in part of his petition for habeas corpus.
 Pierce contends that (1) the Arizona court before which he was tried for murder in 1974 gave an unconstitutional instruction on the element of intent, (2) he was denied effective assistance of counsel, (3) his right against self-incrimination was infringed, and (4) the prosecutor and certain law enforcement officers conspired to elicit perjurious testimony against him. The first contention was rejected on the merits, and the remainder of the petition was dismissed as successive. We affirm.
 I.
 The judge who presided over Pierce's murder trial in Arizona state court instructed the jury that "[y]ou may determine that the defendant intended to do the act if he did it voluntarily." Five years after the trial, the United States Supreme Court held in Sandstrom v. Montana, 442 U.S. 510 (1979), that an instruction that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts" could have been interpreted by a reasonable juror as stating a mandatory presumption, thereby shifting the burden of proof on an element of the charged offense to the defendant in derogation of his rights under the Due Process Clause of the Fourteenth Amendment. The question Pierce raises is whether the trial judge's instruction in his case violated Sandstrom.
 In Evans v. Lewis, 855 F.2d 631 (9th Cir.1988), we determined that the precise language employed by the trial court in Pierce's case passed constitutional muster, since it merely "allows the jury to infer intent and does not require a presumption of intent." Id., at 636. Evans controls Pierce's case, so the district court properly rejected Pierce's argument that the instruction was deficient under Sandstrom.
 II.
 The district court dismissed the remainder of Pierce's petition, on the ground that it merely restated allegations already adjudicated adversely to Pierce. Rule 9(b) of the Rules Governing § 2254 Cases provides that
 [a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 In Sanders v. United States, 373 U.S. 1 (1963), the Supreme Court stated that a federal habeas petition could be dismissed as successive if "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Id., at 15.
 In 1976, Pierce filed a habeas petition in federal district court in which he alleged that (1) he had been denied effective assistance of counsel in the state court proceedings, (2) statements had been elicited from him in violation of his right against self-incrimination, and (3) the prosecutor had knowingly allowed perjured testimony to be introduced at the trial. All of these allegations were ultimately rejected on the merits. In addition, the grounds underlying Pierce's petition before us are the same as those raised in his 1976 petition, despite the fact that Pierce predicates his claims now partly upon factual bases not raised in the prior proceedings. Molina v. Rison, 886 F.2d 1124 (9th Cir.1988). Thus, the remaining allegations contained in his petition failed to allege new or different grounds for relief and the prior determination was on the merits.
 The "ends of justice" compel reconsideration of a petitioner's successive allegations only if he makes a showing of "manifest injustice" or "a change in the law." Molina, 886 F.2d at 1131. Neither of these conditions militates in Pierce's favor with respect to any of his claims. First, although Pierce correctly argues that Strickland v. Washington, 466 U.S. 668 (1984) substantially reformulated the standard governing allegations that a defendant had received constitutionally deficient assistance of counsel, the reformulation of the standard made it harder, not easier, to prevail on a claim of ineffective assistance. In addition, none of the alleged instances of ineffective assistance are sufficient to satisfy the Strickland standard. There is nothing in the record to indicate that Pierce is in prison because he was saddled with a poor lawyer rather than because he killed his girlfriend.
 Second, Pierce correctly notes that both Rhode Island v. Innis, 446 U.S. 291 (1980) and Edwards v. Arizona, 451 U.S. 477 (1981) articulated new rules applicable to the determination of whether an interrogation is proper under Miranda and its progeny. However, the first approved the admission of statements made in a situation roughly analogous to that extant here, and the second has been determined to be inapplicable on collateral review of decisions that were final prior to May 18, 1981, approximately six years after the date the Arizona Supreme Court affirmed Pierce's conviction on direct appeal. Finally, since Pierce fails to identify any change in the law relevant to a possibility of manifest injustice resulting from a failure to reconsider his claim of prosecutorial misconduct, this allegation as well was properly dismissed.
 
 
 1
 Accordingly, the order of the district court denying Pierce's Sandstrom claim on the merits, and dismissing the remainder of the petition as successive, is affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument, as provided in Ninth Circuit Rule 34-4(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3