972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence SIMMONS, Defendant-Appellant.
 No. 91-16377.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 MEMORANDUM**
 Lawrence Simmons, a federal prisoner, appeals pro se the denial of his fourth 28 U.S.C. § 2255 motion. Simmons was convicted by jury trial for armed bank robbery and sentenced to 25 years imprisonment. He contends that the district court erred by denying his claims that (1) the jury instruction on the inferences to be drawn from Simmons's possession of stolen property improperly shifted the burden of proof to the defense; (2) when the trial court severed Simmons's trial, it should have informed him that it would admit a shirt and a gun also used at a codefendant's trial and that he could move to suppress this evidence; and (3) he received ineffective assistance of counsel because his trial attorney did not move to suppress the shirt and gun, did not move to suppress evidence seized from Simmons's mother's house, and "failed to file motions ... failed to investigate and failed to object to unconstitutional jury instructions." We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 "A second or successive [section 2255] motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits." Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255; Sanders v. United States, 373 U.S. 1, 15 (1963) (district court may reach claim previously determined on merits if ends of justice would be served); Molina v. Rison, 886 F.2d 1124, 1127 (9th Cir.1989) (same); see Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion) (to show that ends of justice would be served by relitigation of claim, petitioner must make colorable showing of factual innocence).
 
 
 1
 Here, Simmons raised on direct appeal, and this court denied on the merits, the claim regarding the jury instruction. See United States v. Simmons, No. 82-1005, unpublished memorandum disposition (9th Cir.1982). Accordingly, the district court did not err by denying this claim as successive. See Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255; Sanders, 373 U.S. at 15.
 
 
 2
 Simmons also contends that the trial court improperly severed his trial without warning him that the shirt and gun would be admitted into evidence. In so far as Simmons challenges the admission of the shirt and gun, the district court properly found that this non-constitutional claim was not a basis for relief under section 2255. See United States v. Taylor, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981); United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981). Moreover, no authority supports the proposition that the trial court must inform the defendant of the right to file a suppression motion. Accordingly, Simmons's contention lacks merit.
 
 
 3
 Finally, except for the claim that counsel should have moved to suppress the shirt and gun, Simmons raised on direct appeal, and this court denied on the merits, the claims regarding ineffective assistance of counsel. See United States v. Simmons, No. 82-1005, unpublished memorandum disposition (9th Cir.1982). Accordingly, the district court properly denied these claims as successive. See Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255; Sanders, 373 U.S. at 15. To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Kimmelman v. Morrison, 477 U.S. 365, 378 (defendant may claim that counsel ineffectively handled a fourth amendment claim). Here, Simmons failed to establish that the shirt and gun were inadmissible. The district court therefore did not err by denying his claim that counsel's performance was deficient for failure to file a suppression motion. See Strickland, 466 U.S. at 687.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Simmons's request for oral argument is denied. His renewed motion for appointment of counsel also is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3