17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Keith DELINE, Defendant-Appellant.
 No. 93-55763.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian K. Deline, a federal prisoner, appeals pro se the district court's denial of his third 28 U.S.C. Sec. 2255 motion. Deline pled guilty to one count of bank robbery and was sentenced to 37 months imprisonment. He contends that the district court erred by denying his claim that he should have received a downward departure for aberrant behavior. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 A section 2255 motion may be dismissed as successive if it presents the same ground previously determined on its merits adversely to petitioner and the ends of justice would not be served by reaching the merits of the successive motion. See Sanders v. United States, 373 U.S. 1, 15 (1963); see also Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. Sec. 2255.
 
 
 4
 The burden is on petitioner to show that the ends of justice would be served by relitigation of the claims previously decided against him. Sanders, 373 U.S. at 17. To meet this burden, the petitioner must make a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 5
 On December 11, 1992, Deline filed his second section 2255 motion in which Deline claimed, inter alia, that he should have received a downward departure for aberrant behavior. On January 13, 1993, the district court denied this motion on its merits.
 
 
 6
 On February 16, 1993, Deline filed his third section 2255 motion, the motion underlying this appeal. In this motion, Deline raised the sole claim that he should have received a downward departure for aberrant behavior. On April 2, 1993, the district court noted that Deline had previously raised this claim and again denied it on its merits.
 
 
 7
 On appeal, the government argues that Deline's claim is successive. We agree.[1] Because this claim was previously determined on its merits adversely to Deline and Deline has pled no facts suggesting factual innocence, we dismiss Deline's third Section 2255 motion as successive. See Kuhlmann, 477 U.S. at 454; Sanders, 373 U.S. at 15.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We consider the government's argument that Deline's motion is successive despite the fact that this argument was not raised in district court because the district court summarily denied Deline's motion without calling for a response from the government. See Molina v. Rison, 886 F.2d 1124, 1127 n. 4 (9th Cir.1989)