29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Leon PLUMES, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35949.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 24, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Leon Plumes, a federal prisoner, appeals pro se the denial of his motion to vacate, set aside, or correct his sentence. Plumes alleges improper indictment, involuntary waiver of speedy trial rights, and ineffective assistance of counsel. He also asserts a right to an evidentiary hearing. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the denial of a 28 U.S.C. Sec. 2255 motion. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991).
 
 
 4
 Plumes was convicted of three bank robberies and a related firearm charge. On direct appeal, Plumes' attorney challenged, among other issues, the admissibility of flight evidence. Plumes filed pro se supplemental briefs, alleging, in part, improperly amended indictments, involuntary waiver of his rights under the Speedy Trial Act, vindictive prosecution, and ineffective assistance of counsel. These claims arose from Plumes' waiver of his statutory speedy trial rights on the firearm charge. We rejected the claims on the merits and affirmed. United States v. Plumes, No. 89-30014 (9th Cir. July 23, 1990).
 
 
 5
 We may refuse to entertain a section 2255 motion based on claims of error which we previously rejected on the merits in a direct appeal. United States v. Polizzi, 550 F.2d 1133, 1135 (9th Cir.1976). We may re-determine the merits if the law has changed or if necessary to serve the ends of justice. Id. To determine whether the petitioner has raised the same ground or a new claim, we examine the "basic thrust or gravamen" of the claim. Molina v. Rison, 886 F.2d 1124, 1128 (9th Cir.1989). Merely raising a new argument in support of a claim or changing the factual basis of the claim is insufficient. Id.
 
 
 6
 Plumes' improper indictment claim is based on his assertion that he was indicted in March 1988 on three counts and again in April 1988 on four counts. This claim was raised on direct appeal and rejected because the record did not support it. We perceive no basis on which to deviate from the general rule against relitigation. To some extent, Plumes alters the factual premise of the claim, for example, by asserting that his attorney was surprised by the firearm charge as evidenced by pretrial motions that do not mention the fourth count. Despite the variation, the legal claim is the same as that disposed of on direct appeal. See Molina, 886 F.2d at 1128 (same legal claim even if based on different factual premises). The ends of justice do not warrant re-examining the claim, particularly in light of the district court's in camera examination of the grand jury materials. See Polizzi, 550 F.2d at 1135.
 
 
 7
 Plumes' claim that his waiver of the Speedy Trial preparation period was invalid is based on interrelated assertions of prosecutorial misconduct and ineffective assistance of counsel. The prosecutor allegedly coerced the waiver by threatening to reindict him on escape--even though the prosecutor had dismissed the escape charge and introduced evidence of Plumes' flight to show consciousness of guilt. The prosecutor's actions allegedly amounted to prosecutorial vindictiveness by punishing Plumes for exercising his statutory right. Plumes' attorney allegedly rendered ineffective assistance of counsel by giving inadequate advice about the advantages and disadvantages of the waiver. As we held on direct appeal, no prejudice flowed from the waiver. Thus we do not reconsider these claims. See id.
 
 
 8
 We discern no error in the district court's denial of the motion without conducting an evidentiary hearing. See Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3