38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Harvey Ray JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-35190.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 18, 1994.
 
 Before: LAY,** TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Harvey Ray Johnson (Johnson) challenges his sentence pursuant to 28 U.S.C. Sec. 2255 for the second time. He argues that we must vacate his sentence because the district court violated his due process rights by relying on a presentence report (PSR) containing factual inaccuracies and because he received ineffective assistance of counsel during sentencing. The district court adopted the magistrate's recommendation to dismiss the petition pursuant to Rule 9(b) of the Rules Governing Section 2255 Proceedings because his claims of factual inaccuracies and of ineffective assistance should have been raised in the first motion. We affirm.
 
 
 3
 Rule 9(b) provides in part that "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits." A new ground for relief which is not successive requires more than different factual allegations or legal arguments; it must be a new claim. See Sanders v. United States, 373 U.S. 1, 16 (1963). We held in Molina v. Rison, 886 F.2d 1124 (9th Cir.1989), that:
 
 
 4
 [A] ground is successive if the basic thrust or "gravamen" of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments. Thus, whether a particular "new" issue is merely a "new legal argument" rather than a "new legal claim" will depend on whether the new issue is itself a ground for relief, as opposed to being merely a supporting argument or predicate step to a larger, basic claim.
 
 
 5
 Id. at 1129 (citation omitted). However, a petitioner is entitled to review of successive claims if he "demonstrate[s] cause and prejudice, or establish[es] that a denial of review would result in a fundamental miscarriage of justice." Clark v. Lewis, 1 F.3d 814, 820 (9th Cir.1993). A miscarriage of justice would result if the petitioner has "a colorable claim of actual innocence." Id. at 821.
 
 
 6
 The basis of Johnson's first motion was that the sentencing judge failed to comply with Fed.R.Crim.P. 32(c)(3)(D) in resolving factual inaccuracies in the PSR. See United States v. Johnson, 956 F.2d 1168, 1992 WL 44725 at 1 * (9th Cir.1992) (unpublished memorandum decision). Similarly, in support of his second motion, Johnson argues his due process rights were violated as a result of the sentencing judge's reliance on factual inaccuracies. Thus, the gravamen of Johnson's claim, reliance on factual inaccuracies in the PSR at sentencing, is the same and is not altered by his new legal argument. Nor do allegations of different factual inaccuracies alter the gravamen of Johnson's claim. Johnson should have alleged all factual inaccuracies in his first motion. We hold that Johnson's due process claim failed to allege a new or different ground for relief independent of his claim that the sentencing judge violated Rule 32. This later claim has already been decided on the merits, see Johnson, 19922 WL 44725 at 1 *. Thus, Johnson's due process claim is successive.
 
 
 7
 We also hold that Johnson's ineffective assistance of counsel claim is abusive. Rule 9(b) provides that a judge may dismiss a Sec. 2255 motion if he finds the procedure is abused because the movant failed to assert new and different grounds in prior motions. The test applied to determine if a claim is abusive is " 'whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process.' " Clark, 1 F.3d at 820 (quoting McCleskey v. Zant, 499 U.S. 467, 498 (1991)). Where a claim could have been pursued in the first petition, it is abusive to raise it for the first time in subsequent petitions. See id. at 821 (holding claim abusive because it was not raised in first petition); see also Blair v. Armontrout, 976 F.2d 1130, 1136-37 (8th Cir.1992) (holding ineffective assistance of counsel claim raised in second petition was abusive), cert. denied, 113 S.Ct. 2357 (1993).
 
 
 8
 Johnson fails to demonstrate that his ineffective assistance of counsel claim is not abusive. At the time of his first petition, Johnson should have known of all the factual inaccuracies in the PSR and should have been aware that his counsel did not bring all of them to the court's attention. Thus, Johnson's ineffective assistance of counsel claim could have been raised in his first petition. Johnson offers no excuse for not bringing the claim at that time.
 
 
 9
 Furthermore, Johnson fails to demonstrate cause and prejudice or to establish a miscarriage of justice which would entitle him to review of his successive and abusive claims. Thus, we hold the district court's dismissal of Johnson's petition pursuant to Rule 9(b) was not an abuse of discretion. See Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992) (dismissal on grounds that motion is successive or abusive is reviewed for an abuse of discretion), cert. denied, 114 S.Ct. 1337 (1994).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3