46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luene Benjamin CURRY, Defendant-Appellant.
 No. 94-35518.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 3, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luene Curry appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion. We review de novo. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991). We have jurisdiction and affirm.[1]
 
 
 3
 Curry was convicted of various drug charges after a bench trial on two consolidated indictments. We affirmed on direct appeal after considering Curry's pro se supplemental opening brief. United States v. Curry, Nos. 89-30221, 89-30222, unpublished memorandum (9th Cir. June 22, 1990).
 
 
 4
 Claims the District Court Deemed Rejected on Direct Appeal
 
 
 5
 We may refuse to entertain a Sec. 2255 motion that is based on claims of error which we rejected on the merits in a direct appeal. United States v. Polizzi, 550 F.2d 1133, 1135 (9th Cir. 1976). To determine whether the petitioner has raised the same ground, we examine the basic thrust or gravamen of the claim. Molina v. Rison, 886 F.2d 1124, 1128-29 (9th Cir. 1989). Merely raising a new legal argument in support of a claim or changing the factual basis of the claim is insufficient. Id.
 
 
 6
 We conclude that the district court correctly ruled that the claims of error challenging the sufficiency of the 1988 indictment (claims 1, 2, 5, and part of 6) and the perjury of Agent Hilldorfer and Agnes Williams (claim 11) were considered and rejected by this court on direct appeal. Although Curry now makes specific rather than general attacks on the sufficiency of the indictment, the gravamen of these claims is the same. See id. at 1129 ("a mere shift in the legal arguments supporting a particular ground is not sufficient to create a new ground for relief"). We do not perceive any basis on which to reconsider these claims. See Polizzi, 550 F.2d at 1135.
 
 
 7
 Claim 3 is that the proof at trial varied from the conspiracy alleged in the indictment. Although Curry did not raise a variance claim in his direct appeal, he did challenge the sufficiency of the evidence. We ruled that the conspiracy count was supported by sufficient evidence. Because the test for variance is the same as the test for sufficient evidence, United States v. Kenny, 645 F.2d 1323, 1335 (9th Cir.), cert. denied, 452 U.S. 920 and 454 U.S. 828 (1981), we discern no need to consider this claim further, see Molina, 886 F.2d at 1128-29.
 
 
 8
 In claim 4, Curry argues that the 1988 indictment is fatally duplicitous because counts 3 and 4 charge both distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and aiding and abetting in violation of 18 U.S.C. Sec. 2. The district court held that this court had determined previously that claim, but we did not. Nonetheless, we conclude that it fails as a matter of law. Section 2 provides a means of establishing liability but does not itself define a crime, therefore the counts are not duplicitous. Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).
 
 
 9
 In part of claim 6, Curry argues that the 1989 indictment provided insufficient details of the charged offenses. On direct appeal, Curry similarly challenged the 1988 indictment and we held that it adequately apprised Curry of the April 1988 distribution charges. Because the phrasing of the two indictments is similar, this is arguably the same ground. See Molina, 886 F.2d at 1128. Even if it is a different claim, however, the 1989 indictment sufficiently alleged the elements of the statutes violated. See United States v. Givens, 767 F.2d 574, 584-85 (9th Cir.), cert. denied, 474 U.S. 953 (1985).
 
 
 10
 The district court incorrectly ruled that this court had resolved Curry's claims that Agent Bland committed perjury (claims 7 and 8). Nonetheless, these claims lack merit. Curry claims that Agent Bland perjured himself by testifying that the tape recording of an April 14, 1988 conversation was "true and accurate" because it had been edited. The record shows that the prosecutor disclosed to the defense the original tape recordings and played versions at trial that had been edited of the non-pertinent dialogue. Agent Bland did not perjure himself by characterizing the edited versions as accurate representations of the conversation as this amounted only to a representation that the tape was authentic. Curry also claims that Agent Bland perjured himself by testifying that Curry introduced him to the seller. Curry does not present any evidence to establish that this was a false statement. In fact, two other witnesses corroborated this testimony. Therefore, the claims of perjury by Agent Bland fail.
 
 
 11
 Claims the District Court Considered on the Merits
 
 
 12
 Curry argues that two tape recordings (exhibits 12 and 13) were not properly authenticated at trial (claim 9). Federal Rule of Evidence 901 requires no more than "[t]estimony that a matter is what it is claimed to be." Curry concedes that a witness testified that the two tapes were accurate recordings of his conversations. This is all that Fed. R. Evid. 901(1)(b) requires. See United States v. Hurd, 642 F.2d 1179, 1183 (9th Cir. 1981) (even if parts of a tape recording are missing, the tape is admissible if the trial court believes it has probative value).
 
 
 13
 In claim 10, Curry states that the prosecutor suppressed evidence of tape recording of a conversation between Curry and Willie London on April 13, 1988. Curry made no attempt to show that this tape recording was exculpatory or material to his defense, therefore the district court properly rejected the claim. See Hendricks v. Zenon, 993 F.2d 664, 672-74 (9th Cir. 1993) (even if prosecutor suppressed exculpatory evidence, defendant must show that evidence was material, that is, that the result of the proceeding would have been different).
 
 
 14
 Curry next argues that the prosecutor engaged in misconduct. Curry repeats the instances of alleged perjury and suppressed evidence discussed above and adds that the prosecutor asked leading questions. Because these claims are frivolous, the district court correctly rejected them. See United States v. Sanchez-Robles, 927 F.2d 1070, 1077 (9th Cir. 1991).
 
 Ineffective Assistance of Counsel
 
 15
 Curry lists eighteen instances of ineffective assistance of counsel, lettered (a) to (r). To establish ineffective assistance of counsel, a defendant must show that the counsel's representation fell below an objective standard of reasonableness and that the error prejudiced him. Strickland v. Washington, 446 U.S. 668, 688, 692 (1984).
 
 
 16
 On direct appeal, we rejected similar claims and noted that the evidence against Curry was overwhelming and that the conduct and trial strategy of defense counsel fell within the wide range of reasonable professional representation. We added that Curry could file a Sec. 2255 motion on this ground if he supplemented it with evidence outside the record.
 
 
 17
 The following alleged errors merely repeat or expand arguments that we have rejected on the merits: (a) failure to move to dismiss counts 3 and 4 of the 1988 indictment as duplicitous; (b) failure to move to dismiss the conspiracy count as insufficient; (c) failure to move to dismiss count 2 of the 1988 indictment and counts 1 and 2 of the 1989 indictment as insufficient; (d) failure to object to the variance of proof; (e) failure to move to dismiss when the court constructively amended the indictment; (f) failure to defend against Agent Bland's perjury; (h) failure to analyze the edited tapes; (n) failure to cross examine Williams on her use of the informant money to buy drugs; (p) failure to object to the government's misconduct; and (q) failure to advise Curry about the Speedy Trial Act. The attorney did not render ineffective assistance by failing to pursue these meritless claims. See Baumann, 692 F.2d at 572.
 
 
 18
 The following claims were not raised on direct appeal, but Curry does not support them with evidence outside the record: (g) failure to request informants' rap sheets; (i) failure to request information about promises the government made to informants; (k) failure to challenge Bryant's testimony as hearsay; (m) failure to present an entrapment defense; and (o) failure to inform Curry about the acceptance of responsibility adjustment. Thus, our prior determination that the record established effective representation and overwhelming evidence disposes of these claims.
 
 
 19
 On two claims, Curry submits evidence outside the record, but they also fail. In claim (j), Curry contends that the attorney failed to call Hershey Sampson as a witness. Curry submitted a declaration from Sampson that he was in the room when the February 22, 1989 transaction occurred and did not see any drugs or money change hands. At trial, however, Williams testified that the transaction occurred and that Sampson did not see it because he was playing with her son. Other evidence, such as the conversations arranging and confirming the transaction and William's possession of the cocaine that Curry delivered, established that the transaction occurred. Because we have previously determined that the evidence was overwhelming and that the attorney ably defended Curry, this claim fails.
 
 
 20
 Curry contends in claim (1) that one of his attorneys fell asleep during trial. He submits supporting declarations, but concedes that he was not prejudiced by the dozing because his other attorney was alert at that time.
 
 
 21
 Because we reject the individual claims of error, we also reject Curry's contention that the cumulative effect of counsel's errors warrants relief (claim (r)).
 
 
 22
 Finally, we discern no error in the district court's denial of the motion without conducting an evidentiary hearing. Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988) (per curiam).
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The government incorrectly suggests that the notice of appeal was late. The notice of appeal was filed within the sixty days allowed by Fed. R. App. P. 4(a) and therefore was timely. United States v. Angelone, 894 F.2d 1129, 1131 (9th Cir. 1990) (for purposes of filing a timely appeal, a Sec. 2255 motion is considered a civil case in which the United States is a party)