52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Albert REINKE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-56222.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Albert Reinke, a federal prisoner, appeals pro se the district court's denial of his motion to reconsider the denial of his 28 U.S.C. Sec. 2255 motion. Reinke contends the district court erred when it denied his section 2255 motion as successive. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 On April 28, 1994, the district court order denying Reinke's section 2255 motion was entered. On May 18, 1994, Reinke signed a motion for reconsideration which was filed in the district court on June 7, 1994. By order of August 2, 1994, entered on August 4, 1994, the district court denied Reinke's motion for reconsideration. Reinke filed a notice of appeal on August 10, 1994. Because Reinke failed to file his motion for reconsideration within ten days after the April 28, 1994 entry of judgment, we lack jurisdiction to review anything other than the district court's denial of the motion for reconsideration. See Fed.R.App.P. 4(a)(4) (reconsideration motion served within ten days after entry of judgment tolls time for appeal). Consequently, our review is limited to determining whether the district court abused its discretion when it denied Reinke's motion for reconsideration. See Cel-a-Pak v. California Agr. Labor Relations Bd., 680 F.2d 664, 668 (9th Cir.), cert. denied, 459 U.S. 1071 (1982).
 
 
 4
 The district court did not abuse its discretion when it found no basis to reconsider its April 28, 1994 order. This is Reinke's seventh section 2255 motion. The claims he raises have previously been decided on their merits and are therefore successive.[1] See Sanders v. United States, 373 U.S. 1, 15 (1963); see also Campbell v. Wood, 18 F.3d 662, 675 (9th Cir.1994) (petitioner cannot create a different ground merely by couching his argument in different language); Molina v. Rison, 886 F.2d 1124, 1127-29 (9th Cir.1989) (a ground is successive if the gravamen of the legal claim was adjudicated on its merits in a prior proceeding). Even were we to accept that any claim which Reinke now raises is so different from his previously raised claims as to be new, any such claim would be barred under the abuse of the writ doctrine. See Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. Sec. 2255; cf. McCleskey v. Zant, 499 U.S. 467 (1991).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Reinke's argument that sections two and seven of the Classified Information Procedures Act, 18 U.S.C.App. IV, bar application of the successive claim doctrine is legally frivolous