76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John CAMACHO, Jr., Defendant-Appellant.
 No. 95-15560.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Camacho, Jr., a federal prisoner, appeals pro se the district court's denial of his second 28 U.S.C. § 2255 habeas motion to vacate his sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, United States v. Frazer, 18 F.3d 778, 781 (9th Cir.1994), and affirm on the grounds that Camacho's second 2255 motion constitutes an abuse of the writ.[1]
 
 
 3
 Camacho's contention that his confession was obtained in violation of his Miranda rights was resolved against him by this Court in his direct criminal appeal. United States v. Camacho, Jr., No. 90-10024 (9th Cir. Feb. 26, 1991). Accordingly, Camacho cannot use this section 2255 motion to reargue the matter. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985).
 
 
 4
 Camacho's remaining contentions raised for the first time in his second habeas proceeding constitute an abuse the writ of habeas corpus. A petitioner may abuse the writ of habeas corpus if he raises a new claim in a subsequent habeas petition that he could have raised in his first habeas petition. Rule 9(b), Rules Governing Section 2255 Cases, 28 U.S.C. foll. § 2255; cf., McCleskey v. Zant, 499 U.S. 467, 489 (1991). Camacho does not dispute that he has raised new claims for the first time in this federal habeas motion. Camacho nevertheless fails to show that the new claims were unknown to him or could not have been discovered by him prior to his first 2255 motion. See McCleskey, 499 U.S. at 494-95. Camacho also fails to allege a constitutional violation that is supplemented by a colorable claim of factual innocence. See Rule 9(b), Rules Governing Section 2255 Cases, 28 U.S.C. foll. § 2255; McCleskey, 499 U.S. at 495. In any event, the district court properly denied Camacho's claims as being without merit.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We may affirm on any ground finding support in the record. Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983); cf., Molina v. Rison, 886 F.2d 1124, 1127 n. 4 (9th Cir.1989) (considering the government's contention that 2255 motion was successive even though not raised in district court because the district court summarily denied the motion without calling for a response from the government)