104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence Warren SMITH, Defendant-Appellant.
 No. 96-55140.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Lawrence Warren Smith appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction for drug trafficking and firearms violations. We review de novo a district court's decision on a § 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Smith's contention that his conviction violates the Double Jeopardy Clause because it followed the prior forfeitures of his personal property is foreclosed by the United States Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2134, 2149 (1996) (holding that civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause).
 
 
 4
 The district court properly denied Smith's claim of governmental misconduct as successive because the claim has previously been decided on the merits. See Campbell v. Wood, 18 F.3d 662, 675-76 (9th Cir.) (petitioner cannot create a different ground merely by couching his argument in different language), cert. denied, 114 S.Ct. 2125 (1994); Molina v. Rison, 886 F.2d 1124, 1127-29 (9th Cir.1989) (a ground is successive if the gravamen of the legal claim was adjudicated on its merits in a prior proceeding). Even were we to accept that the claim which Smith now raises is so different from his previously raised claim as to be new, it would be barred under the abuse of the writ doctrine. See Rule 9(b) 28 U.S.C. foll. § 2255; cf. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).
 
 
 5
 Finally, Smith argues that his conviction under 18 U.S.C. § 924(c)(1) must be vacated for insufficiency of evidence under Bailey v. United States, 116 S.Ct. 501 (1995). This issue was not raised before the district court and we decline to address it for the first time on appeal. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3